**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

EXTRACTION OIL AND GAS, INC.,

Plaintiff,

v.

COLTER ENERGY SERVICES USA, INC.

Defendants.

_____

**ANSWER AND COUNTERCLAIM**
_____

Defendant Colter Energy Services USA, Inc., ("Colter") submits the following Answer and Counterclaim:

**ANSWER**

1. Colter is without information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies same.

2. In response to Paragraph 2, Colter admits it is a Nevada corporation and its local office is located in Sterling, Colorado, but states that its head office and principal place of business is located at 201-30 Crystalridge Drive, Okotoks, Alberta, Canada.

3. In response to Paragraph 3, Colter states that pursuant to the Master Service Agreement ("Contract"), venue is proper in state or Federal court in Denver.

4. In response to Paragraph 4, Colter states that this Court has jurisdiction under 28 U.S.C. 1332 as there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000.

5. Colter admits Paragraph 5 on information and belief.

6. In response to Paragraph 6, Colter admits is was a contractor for Plaintiff. Colter is without information sufficient to form a belief as to the truth of the other allegations in Paragraph 6 and therefore denies same.

7. In response to Paragraph 7, Colter admits it is an oil and gas service contractor with operations in Colorado, North Dakota, and Pennsylvania. Colter further admits that the quotations in Paragraph 7 are excerpts from its website. Colter denies the other allegations of Paragraph 7.

8. In response to Paragraph 8, Colter admits that the quotations in Paragraph 8 are excerpts from its website.

9. Colter admits Paragraph 9.

10. In response to Paragraph 10, Colter states that the Contract speaks for itself.

11. In response to Paragraph 11, Colter states that the Contract speaks for itself.

12. In response to Paragraph 12, Colter states that the Contract speaks for itself. Colter denies Paragraph 12 to the extent it is inconsistent with the Contract.

13. Colter denies Paragraph 13.

14. Colter admits Paragraph 14 on information and belief.

15. In response to Paragraph 15, Colter states that the Contract speaks for itself. Colter denies Paragraph 15 to the extent it is inconsistent with the Contract.

16. Colter admits Paragraph 16.

17. In response to Paragraph 17, Colter admits the fire caused damage to equipment at the site and that firefighters put out the fire. Colter is without information sufficient to form a belief as to the truth of the other allegations in Paragraph 17 and therefore denies same.

18. Colter denies Paragraph 18.

19. Colter denies Paragraph 19.

20. Colter denies Paragraph 20.

21. In response to Paragraph 21, Colter admits that all work at the Stromberger Facility was subject to certain regulations of OSHA and the Colorado Oil and Gas Conservation Commission (COGCC).

22. Colter denies Paragraph 22.

23. In response to Paragraph 23, Colter admits that OSHA issued a citation and entered into a settlement agreement with Colter, which documents speak for themselves. Colter is without information sufficient to form a belief as to the truth of the other allegations in Paragraph 23 and therefore denies same.

24. Colter is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies same.

25. Colter is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies same.

26. Colter is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies same.

27. In response to Paragraph 27, Colter states that the Contract speaks for itself.

28. Colter denies Paragraph 28.

29. Colter denies Paragraph 29.

30. In response to Paragraph 30, Colter incorporates the above responses.

31. In response to Paragraph 31, Colter states that the Contract speaks for itself. Colter denies Paragraph 31 to the extent it is inconsistent with the Contract.

32. Colter admits Paragraph 32.

33. In response to Paragraph 33, Colter states that the Contract speaks for itself. Colter denies Paragraph 33 to the extent it is inconsistent with the Contract.

34. In response to Paragraph 34, Colter states that the Contract speaks for itself. Colter denies Paragraph 34 to the extent it is inconsistent with the Contract.

35. Colter denies Paragraph 35.

36. Colter denies Paragraph 36.

37. Colter denies Paragraph 37.

38. In response to the Prayer for Relief, Colter denies that Extraction is entitled to any of the requested relief.

**Affirmative Defenses**

39. Colter is not legally responsible for the alleged breach of contract because performance of the Contract was made impossible or impractical by events not caused by Colter.

40. Colter is not responsible for the alleged breach of contract because the claimed breach was induced by words or conduct, or both, of Extraction's representatives.

41. Colter is not responsible for the alleged breach of contract because of waiver by Extraction's representatives of certain contractual performance.

42. Extraction has failed to mitigate its damages, if any.

43. Extraction's damages were caused by a third person over whom Colter had no agency or control and for whose actions Colter cannot be liable.

Wherefore, having answered the Complaint, Colter asks the Court to enter judgment in its favor dismissing all claims in the Complaint, and to award attorney fees, expert witness fees, costs, and such other relief as the court deems just.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Colter states as follows:

1. On or about June 21, 2017, Extraction Oil & Gas, Inc. ("Extraction") requested that Colter Energy Services USA Inc. ("Colter") provide separator rental packages which included separator equipment and services.

2. On or about June 26, 2017, Extraction and Colter entered into a Master Services Agreement ("MSA") which provided, among other matters, that Colter would provide the separators equipment and related services to Extraction.

3. Colter provided the separator equipment and services as Extraction requested starting in October. Colter invoiced Extraction for the separator equipment and services provided in October and November which Extraction paid.

4. On December 22, 2017 there was a fire at the Extraction wellsite in Windsor, Colorado. As a result, Extraction has refused to pay Colter's invoice for separator equipment and services provided in December.

5. Following the fire, Extraction requested that Colter continue to provide services and keep the separator equipment at the wellsite.

6. As Extraction had requested and in accordance with its contractual relationship with Extraction, Colter kept the separator equipment at the wellsite and provided services to Extraction. Colter expected to be paid by Extraction for the separator equipment and for the services it provided.

7. Colter invoiced Extraction for the separator equipment and for the services it provided during December 2017 through August 2018. Extraction has refused to pay those invoices. As a result, Colter has been damaged in an amount to be proven at trial.

### FIRST CLAIM FOR RELIEF (BREACH OF CONTRACT)

8. Colter incorporates by reference the allegations contained in Paragraphs 1 – 7 above.

9. Colter provided Extraction services and the use of its separator equipment as Extraction had requested and in accordance with the MSA.

10. In accordance with its contractual relationship with Extraction, Colter sent Extraction invoices for the separator equipment and for its services. Extraction has refused to pay those invoices even after repeated demands for payment by Colter.

11. Extraction's refusal to pay Colter for its services and separator equipment constitutes a breach of contract.

12. Colter has satisfied any and all conditions precedent and is, therefore, entitled to payment for the separator equipment and for the services it provided.

13. Colter is entitled to recover all amounts due and owing, including interest.

### SECOND CLAIM FOR RELIEF (UNJUST ENRICHMENT)

8. Colter incorporates by reference the allegations contained in Paragraphs 3 – 7 above.

9. Alternatively, if there is no contract, Colter brings a claim for unjust enrichment.

10. Extraction received the benefits of Colter's service and the use of the separator equipment.

11. Extraction received those benefits knowing that Colter expected to, and was entitled to, be paid for them.

12. Extraction received those benefits at Colter's expense.

13. It would be unjust for Extraction to receive Colter's services and separator equipment without compensating Colter for them.

## REQUEST FOR RELIEF

**WHEREFORE**, Colter respectfully requests that it be awarded damages in an amount to be proven at trial, plus interest.

## JURY DEMAND

Colter demands a jury trial on all Claims and Counterclaims.

Respectfully submitted,

s/John Lebsack
John Lebsack
Adam Goldstein
Jack R. Stokan
White and Steele, P.C.
600 17th Street, Suite 600N
Denver, Colorado 80202-5406
Phone:  (303) 296-2828
Fax No.:  (303) 296-3131
Email:  jlebsack@wsteele.com
*Attorneys for Defendant*
*Colter Energy Services USA, Inc.*

                                              *s/Anthony J. Shaheen*
Anthony J. Shaheen, #14295
Jessica M. Schmidt, #37928
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
Email:  ajshaheen@hollandhart.com
        jmschmidt@hollandhart.com
*Attorneys for Counterclaimant Colter Entergy Services USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 12, 2020, a true and correct copy of the foregoing was e-served via CM-ECF to the following:

Tamir Goldstein, #32413
Dana Svendsen, #38545
SHERMAN & HOWARD, LLC
633 17th Street, #3000
Denver, CO 80202
*Attorneys for Plaintiff*

                                              s/*Becky Kongs*
                                              For White and Steele, P.C.